CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 15 2010

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| VAN THORNTON, Petitioner, | Civil Action No. 7:10-cv-00073 |
| v. | MEMORANDUM OPINION |
| WARDEN WATSON, Respondent. | By: Hon. James C. Turk<br>Senior United States District Judge |

Van L. Thornton, a Virginia inmate proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Petitioner alleges that trial and appellate counsel provided ineffective assistance, the evidence was insufficient to support his convictions, and the trial court violated due process. After screening the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases, the court dismisses the petition as untimely filed.

I.

Petitioner reveals the following facts in his petition, exhibits, and response to the court's conditional filing order. The Circuit Court for the City of Danville entered petitioner's criminal judgment on January 4, 2006. The circuit judge found petitioner guilty of non-capital first degree murder and using a firearm in the commission of a felony. Petitioner appealed to the Court of Appeals of Virginia, which affirmed his conviction. Petitioner timely appealed to the Supreme Court of Virginia, which refused the appeal on May 21, 2008. Petitioner did not file a petition for a writ of certiorari with the Supreme Court of the United States.

Petitioner alleges that he filed a petition for a writ of habeas corpus with the Circuit Court for the City of Danville, with the benefit of the prison-mailbox rule, on May 12, 2008. The circuit court denied the petition on May 21, 2009. Petitioner noted an appeal of that decision to the Supreme Court of Virginia. The Supreme Court of Virginia dismissed the appeal on

November 20, 2009, because it held that petitioner failed to timely file the notice of appeal, pursuant to Rule 5:9(A) of the Rules of the Supreme Court of Virginia. Petitioner filed the instant federal petition no earlier than February 18, 2010, the date petitioner verified his petition.

II.

Habeas petitions filed under § 2254 are subject to a one-year period of limitation. 28 U.S.C. § 2244(d)(1). Generally, this period begins to run from the date on which the judgment of conviction becomes final. See 28 U.S.C. § 2244(d)(1)(A).[1] A conviction becomes final once the availability of direct review is exhausted. See United States v. Clay, 537 U.S. 522, 524 (2003). However, pursuant to 28 U.S.C. § 2244(d)(2), the one-year filing period is tolled while an inmate's "properly filed application for State post-conviction or other collateral review" is "pending." If the district court gives the defendant notice that the motion appears to be untimely and allows an opportunity to provide any argument and evidence regarding timeliness, and the defendant fails to make the requisite showing, the district court may summarily dismiss the petition. See Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002).

---

[1] The one-year period of limitation for filing a habeas petition under § 2254 begins to run on the latest of four dates:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

Petitioner's § 2254 petition is untimely under § 2244(d)(1)(A). Petitioner's conviction became final in August 2007 when the time expired for petitioner to file a petition for a writ of certiorari to the Supreme Court of the United States. See U.S. Sup. Ct. R. 13(1) (stating appellant must file a petition for a writ of certiorari within ninety days of judgment being appealed). Petitioner filed his state habeas petition in May 2008, nine months after his conviction became final. See Houston v. Lack, 487 U.S. 266, 276 (1988) (describing prison-mailbox rule). Although petitioner appealed the circuit court's denial of his habeas petition in August 2009, the Supreme Court held that the notice of appeal was not timely filed, pursuant to Rule 5:9(A).[2]

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Therefore, the statute of limitations is tolled between the denial of post-conviction relief by a circuit court and the filing of a timely petition for appellate review. Hernandez v. Caldwell, 225 F.3d 435, 438 (4th Cir. 2000). However, the statute of limitations is not tolled between the expiration of a state appeal deadline and the subsequent filing of an untimely appellate petition. Allen v. Mitchell, 276 F.3d 183, 185 (4th Cir. 2001).

The Supreme Court of Virginia held that petitioner did not timely note an appeal within

---

[2]This rule states:
  No appeal shall be allowed unless, within 30 days after the entry of final judgment or other appealable order or decree, or within any specified extension thereof granted by this Court pursuant to Rule 5:5(a), counsel for the appellant files with the clerk of the trial court a notice of appeal and at the same time mails or delivers a copy of such notice to all opposing counsel. A notice of appeal filed after the court announces a decision or ruling – but before the entry of judgment or order – is treated as filed on the date of and after the entry.
Va. Sup. Ct. R. 5:9(A).

3

thirty days after the circuit court dismissed his habeas petition. Accordingly, the federal habeas state of limitations began running again on June 23, 2009, thirty days after the circuit court's May 21, 2009, dismissal order. Including the time petitioner did not have a properly filed habeas appeal pending, eight months ran between June 2009 and February 2010 when petitioner filed the instant habeas petition. Therefore, more than sixteen months passed between when petitioner's conviction became final and when he filed his federal petition for a writ of habeas corpus. Accordingly, petitioner failed to timely file the instant petition, and the court must dismiss it.

Even if the petition had been timely filed, petitioner procedurally defaulted the claims when he failed to timely present his claims to the Supreme Court of Virginia. A federal claim is procedurally defaulted when "a state court has declined to consider the claim's merits on the basis of an adequate and independent state procedural rule." Hedrick v. True, 443 F.3d 342, 359 (4th Cir. 2006). A state court's finding of procedural default is entitled to a presumption of correctness, provided two foundational requirements are met. See 28 U.S.C. § 2254(d); Clanton v. Muncy, 845 F.2d 1238, 1241 (4th Cir. 1988). First, the state court must explicitly rely on the procedural ground to deny petitioner relief. See Ylst v. Nunnemaker, 501 U.S. 797, 802-03 (1991); Harris v. Reed, 489 U.S. 255, 259-61 (1989). Second, the state procedural rule used to default petitioner's claim must be an independent and adequate state ground for denying relief. See Ford v. Georgia, 498 U.S. 411, 423-24 (1991); Harris, 489 U.S. at 260. A state procedural rule is "independent" if it does not depend upon a federal constitutional ruling and "adequate" if it is firmly established and regularly or consistently applied by the state court. Yeatts v. Angelone, 166 F.3d 255, 263-64 (4th Cir. 1998).

Petitioner stipulates that the Supreme Court of Virginia refused petitioner's habeas appeal

from the circuit court because he "failed to timely file the notice of appeal, Rule 5:9(A)[.]" (Resp. ¶ 5.) The Fourth Circuit Court of Appeals recognizes the dismissal of an appeal based on Rule 5:9(A) is an independent and adequate state procedural rule, constituting procedural default. Wise v. Williams, 982 F.2d 142, 144 (4th Cir. 1994).

When a claim is procedurally defaulted, the court may not review the barred claim absent a showing of cause and prejudice or a fundamental miscarriage of justice. Harris, 489 U.S. at 262. The existence of cause ordinarily turns upon a showing of (1) ineffective assistance of counsel, (2) a factor external to the defense which impeded compliance with the state procedural rule, or (3) the novelty of the claim. See Coleman v. Thompson, 501 U.S. 722, 753-54 (1991); Clozza v. Murray, 913 F.2d 1092, 1104 (4th Cir. 1990). A court does not need to consider the issue of prejudice in the absence of cause. See Kornahrens v. Evatt, 66 F.3d 1350, 1359 (4th Cir. 1995).

Petitioner argues that the court should excuse his procedural default because the Supreme Court of Virginia should not have considered his appeal untimely. Petitioner alleges he received the circuit court's May 21, 2009, dismissal order on June 18, 2009. However, he alleges he was transferred to another prison the next day and remained in segregation without access to legal materials until June 27, 2009, the day he was released into general population. However, petitioner acknowledges that he wrote the notice of appeal on July 2, 2009, but did not mail it until July 7, 2009, well beyond the thirty-day appeal period. (Pet. 40.) Furthermore, "the Virginia Supreme Court will extend its time requirement only in those cases in which the petitioner has a constitutional right to have the appeal heard." Coleman v. Thompson, 501 U.S. 722, 741-42 (1991). See also Pennsylvania v. Finley, 481 U.S. 551, 557 (1987) (no

constitutional right to state post-conviction review).  Accordingly, petitioner fails to excuse his procedural default, and the court may not review the claims.

### III.

For the foregoing reasons, the court dismisses the petition for a writ of habeas corpus. Based upon the court's finding that the petitioner has not made the requisite substantial showing of denial of a constitutional right as required by 28 U.S.C. § 2253(c)(1), a certificate of appealability is denied.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the petitioner.

**ENTER**: This 15th day of March, 2010.

                                                                                       Senior United States District Judge